*Judge Berman*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONALD A. KATZ TECHNOLOGY
LICENSING, L.P.,

        Plaintiff,

v.

CONSOLIDATED EDISON COMPANY
OF NEW YORK, INC.,
MACY'S, INC. (F/K/A FEDERATED
DEPARTMENT STORES, INC.),
BLOOMINGDALES BY MAIL LTD.,
BLOOMINGDALES, INC.,
FDS BANK, FACS GROUP, INC., and
WEBSTER BANK, N.A.

        Defendants.

Civil Action No. _____

Jury Trial Demanded

JUN 0 7 2007

07 CV 5392

Plaintiff, Ronald A. Katz Technology Licensing, L.P. ("Katz Technology Licensing"), by counsel, alleges as follows:

## THE PARTIES

1.    Plaintiff Katz Technology Licensing is a limited partnership organized under the laws of the State of California, and having a principal place of business at 9220 Sunset Blvd. #315, Los Angeles, CA 90069.

2.    On information and belief, Defendant Consolidated Edison Company of New York, Inc. is a New York entity maintaining its principal place of business at 4 Irving Place, New York, NY 10003.

3.    On information and belief, Defendant Macy's, Inc. (f/k/a Federated Department Stores, Inc.) is a Delaware entity maintaining its principal place of business at 7 West Seventh Street, Cincinnati, OH 45202.

4. On information and belief, Defendant Bloomingdale's by Mail Ltd. is a New York entity maintaining its principal place of business at 7 West Seventh Street, Cincinnati, OH 45202.

5. On information and belief, Defendant Bloomingdales, Inc., is an Ohio entity maintaining its principal place of business at 7 West Seventh Street, Cincinnati, OH 45202.

6. On information and belief, Defendant FDS Bank is a federal savings bank maintaining its principal place of business at 9111 Duke Boulevard, Mason, OH 45040.

7. On information and belief, Defendant FACS Group, Inc., is an Ohio entity maintaining its principal place of business at 9111 Duke Boulevard, Mason, OH 45040.

8. On information and belief, Defendant Webster Bank, N.A. is a national banking association maintaining its principal place of business at 145 Bank Street, Waterbury, CT 06702.

**JURISDICTION AND VENUE**

9. This is a civil action for patent infringement arising under the United States patent statutes, 35 U.S.C. § 1 *et seq*.

10. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

11. Upon information and belief, Defendant Consolidated Edison Company of New York, Inc. ("Consolidated Edison") is subject to this Court's personal jurisdiction because it does and has done substantial business in this judicial district, including: (i) selling energy products and services within this State and this District; (ii) operating infringing automated telephone call processing systems, including without limitation customer service systems that allow their customers, including customers within this State and in this District, to perform and obtain

energy and utility customer services over the telephone; and/or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from services provided to individuals in this State and in this District. In addition, Consolidated Edison has designated an agent for service of process in the State of New York.

12. Upon information and belief, Defendants Macy's, Inc. (f/k/a Federated Department Stores, Inc.), Bloomingdales by Mail Ltd., Bloomingdales, Inc., FDS Bank, and FACS Group, Inc., (collectively, "the Macy's defendants") are subject to this Court's personal jurisdiction because they do and have done substantial business in this judicial district, including: (i) operating several "Macy's" and "Bloomingdale's" retail stores in this District; (ii) operating infringing automated telephone call processing systems, including without limitation automated customer service systems that allow their customers, including customers within this State and in this District, to perform retail, credit card and other customer service related functions over the telephone, including without limitation the Macy's and Bloomingdale's retail and credit card customer service systems; and/or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from services provided to individuals in this State and in this District. In addition, Defendants Macy's Inc., Bloomingdales by Mail Ltd., and Bloomingdale's, Inc., have designated an agent for service of process in the State of New York.

13. Upon information and belief, Defendant Webster Bank, N.A. ("Webster") is subject to this Court's personal jurisdiction because it does and has done substantial business in this judicial district, including: (i) operating retail bank branches within this State and in this District, (ii) operating infringing automated telephone call processing systems, including without limitation customer service systems that allow their customers, including customers within this

State and in this District, to perform banking and/or obtain other services over the telephone; and/or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from services provided to individuals in this State and in this District.

14. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## BACKGROUND FACTS

15. Ronald A. Katz ("Mr. Katz"), founder of Katz Technology Licensing, is the sole inventor of each of the patents in suit. Mr. Katz has been widely recognized as one of the most prolific and successful inventors of our time, and his inventions over the last forty-plus years have been utilized by literally millions of people.

16. In 1961, Mr. Katz co-founded Telecredit Inc. ("Telecredit"), the first company to provide online, real-time credit authorization, allowing merchants to verify checks over the telephone. Further innovations from Telecredit include the first online, real-time, point-of-sale credit verification terminal, which enabled merchants to verify checks without requiring the assistance of a live operator, and the first device that used and updated magnetically-encoded cards in automated teller machines. Multiple patents issued from these innovations, including patents co-invented by Mr. Katz.

17. Telecredit was eventually acquired by Equifax, and has now been spun off as Certegy, a public company traded on the New York Stock Exchange. Certegy continues to provide services in the credit and check verification field established by Mr. Katz and Telecredit.

18. Mr. Katz's inventions have not been limited to telephonic check verification. Indeed, Mr. Katz is responsible for advancements in many fields of technology. Among his most prominent and well-known innovations are those in the field of interactive call processing. Mr. Katz's inventions in that field are directed to the integration of telephonic systems with computer databases and live operator call centers to provide interactive call processing services.

19. The first of Mr. Katz's interactive call processing patents issued on December 20, 1988. More than fifty U.S. patents have issued to Mr. Katz for his inventions in the interactive call processing field, including each of the patents-in-suit.

20. In 1988, Mr. Katz partnered with American Express to establish FDR Interactive Technologies, later renamed Call Interactive, to provide interactive call processing services based on Mr. Katz's inventions. The American Express business unit involved in this joint venture later became known as First Data.

21. Early clients of Call Interactive included *The New York Times*, ABC's *Monday Night Football*, KABC Radio, CBS News, and Beatrice Foods (Hunt-Wesson division).

22. Many of these clients utilized Call Interactive technology for high-profile events. For example, CBS News hired Call Interactive to operate an interactive, real-time telephone poll to gauge viewer reaction to President George H.W. Bush's 1992 State of the Union address.

23. Mr. Katz sold his interest in Call Interactive to American Express in 1989 but continued to provide advisory services to Call Interactive until 1992. American Express later spun off the First Data business unit into a separate corporation, and with that new entity went Mr. Katz's interactive call processing patents and the Call Interactive call processing business. The former Call Interactive, now known as First Data Voice Services, continues to provide call processing solutions today.

24. In 1994, Mr. Katz formed Katz Technology Licensing, which acquired the rights to the entire interactive call processing patent portfolio, including the rights to each of the patents-in-suit, from First Data, the owner of all of the Katz interactive call processing patents at that time.

25. The marketplace has clearly recognized the value of Mr. Katz's inventions. Indeed, over 150 companies have licensed the patents-in-suit. Licensees include IBM, Hewlett-Packard, Bank of America, JPMorgan Chase, Wells Fargo, HSBC, Verizon, Sprint, Microsoft, Delta Airlines, Merck, Sears, and Home Shopping Network. These licenses and others acknowledge the applicability of the patents-in-suit to multiple fields of use, including but not limited to financial services call processing, automated securities transactions, automated credit card authorization services, automated wireless telecommunication services and support, automated health care services, and product and service support.

26. Each of the defendants employs the inventions of certain of the patents-in-suit. Katz Technology Licensing, through its licensing arm A2D, L.P., has repeatedly attempted to engage each defendant in licensing negotiations, but to date, none of the defendants have agreed to take a license to any of the patents-in-suit.

## THE PATENTS-IN-SUIT

27. On December 20, 1988, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,792,968 ("the '968 Patent"), entitled "Statistical Analysis System For Use With Public Communication Facility," to Ronald A. Katz, sole inventor. The '968 Patent expired on December 20, 2005.

28. On May 29, 1990, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,930,150 ("the '150 Patent"), entitled "Telephonic Interface Control System," to Ronald A. Katz, sole inventor. The '150 Patent expired on December 20, 2005.

29. On July 7, 1992, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,128,984 ("the '984 Patent"), entitled "Telephone Interface Call Processing System With Call Selectivity," to Ronald A. Katz, sole inventor.

30. On October 5, 1993, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,251,252 ("the '252 Patent"), entitled "Telephone Interface Call Processing System With Call Selectivity," to Ronald A. Katz, sole inventor.

31. On October 19, 1993, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,255,309 ("the '309 Patent"), entitled "Telephonic-Interface Statistical Analysis System," to Ronald A. Katz, sole inventor. The '309 Patent expired on December 20, 2005.

32. On September 27, 1994, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,351,285 ("the '285 Patent"), entitled "Multiple Format Telephonic Interface Control System," to Ronald A. Katz, sole inventor. The '285 Patent expired on December 20, 2005.

33. On October 1, 1996, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,561,707 ("the '707 Patent"), entitled "Telephonic-Interface Statistical Analysis System," to Ronald A. Katz, sole inventor. The '707 Patent expired on December 20, 2005.

34. On November 4, 1997, the United States Patent and Trademark Office duly and

legally issued United States Patent No. 5,684,863 ("the '863 Patent"), entitled "Telephonic-Interface Statistical Analysis System," to Ronald A. Katz, sole inventor. The '863 Patent expired on December 20, 2005.

35. On July 28, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,787,156 ("the '156 Patent") entitled "Telephonic-Interface Lottery System," to Ronald A. Katz, sole inventor. The '156 Patent expired on December 20, 2005.

36. On September 29, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,815,551 ("the '551 Patent"), entitled "Telephonic-Interface Statistical Analysis System," to Ronald A. Katz, sole inventor. The '551 Patent expired on December 20, 2005.

37. On October 27, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,828,734 ("the '734 Patent"), entitled "Telephone Interface Call Processing System With Call Selectivity," to Ronald A. Katz, sole inventor.

38. On April 27, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,898,762 ("the '762 Patent"), entitled "Telephonic-Interface Statistical Analysis System," to Ronald A. Katz, sole inventor. The '762 Patent expired on December 20, 2005.

39. On June 29, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,917,893 ("the '893 Patent"), entitled "Multiple Format Telephonic Interface Control System," to Ronald A. Katz, sole inventor. The '893 Patent expired on December 20, 2005.

40. On October 26, 1999, the United States Patent and Trademark Office duly and

legally issued United States Patent No. 5,974,120 ("the '120 Patent"), entitled "Telephone Interface Call Processing System With Call Selectivity," to Ronald A. Katz, sole inventor.

41.  On March 7, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,035,021 ("the '021 Patent"), entitled "Telephonic-Interface Statistical Analysis System," to Ronald A. Katz, sole inventor. The '021 Patent expired on December 20, 2005.

42.  On March 28, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,044,135 ("the '135 Patent"), entitled "Telephone-Interface Lottery System," to Ronald A. Katz, sole inventor. The '135 Patent expired on July 10, 2005.

43.  On November 14, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,148,065 ("the '065 Patent"), entitled "Telephonic-Interface Statistical Analysis System," to Ronald A. Katz, sole inventor. The '065 Patent expired on July 10, 2005.

44.  On January 1, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,335,965 ("the '965 Patent"), entitled "Voice-Data Telephonic Interface Control System," to Ronald A. Katz, sole inventor. The '965 Patent expired on December 20, 2005.

45.  On July 23, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,424,703 ("the '703 Patent"), entitled "Telephonic-Interface Lottery System," to Ronald A. Katz, sole inventor. The '703 Patent expired on July 10, 2005.

46.  On August 13, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,434,223 ("the '223 Patent"), entitled "Telephone

Interface Call Processing System With Call Selectivity," to Ronald A. Katz, sole inventor. The '223 Patent expired on July 10, 2005.

47. On January 13, 2004, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,678,360 ("the '360 Patent"), entitled "Telephonic-Interface Statistical Analysis System," to Ronald A. Katz, sole inventor. The '360 Patent expired on July 10, 2005.

## COUNT I
### (PATENT INFRINGEMENT BY CONSOLIDATED EDISON)

48. Katz Technology Licensing realleges and incorporates by reference paragraphs 1-47 of this Complaint as if fully set forth herein.

49. Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '150, '984, '285, '863, '551, '734, '762, '893, '120, '065, '965, '223, and '360 Patents.

50. Upon information and belief, Consolidated Edison operates automated telephone systems, including without limitation customer service systems that allow their customers to perform and obtain energy and utility customer services and/or obtain other services over the telephone, including without limitation the Con Edison Customer Service and Automated Customer Meter Reading System.

51. Consolidated Edison has directly and contributorily infringed, and induced others to infringe, one or more claims of each of the patents identified in paragraph 49 of this Complaint by making, using, offering to sell, and/or selling within the United States automated telephone systems, including without limitation customer service systems that allow their customers to perform and obtain energy and utility customer services and/or obtain other services over the telephone, including without limitation the Con Edison Customer Service and Automated Customer Meter Reading System.

52. Consolidated Edison continues to infringe, contributorily infringe, and induce others to infringe the '984, '734 and '120 Patents.

53. Consolidated Edison's infringement of the patents identified in paragraph 49 of this Complaint has been willful.

54. Katz Technology Licensing has been, and continues to be, damaged and irreparably harmed by Consolidated Edison's infringement, which will continue unless Consolidated Edison is enjoined by this Court.

## COUNT II
## (PATENT INFRINGEMENT BY
## THE MACY'S DEFENDANTS)

55. Katz Technology Licensing realleges and incorporates by reference paragraphs 1-47 as if fully set forth herein.

56. Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '968, '150, '984, '252, '309, '285, '707, '863, '156, '551, '734, '762, '893, '120, '021, '135, '065, '965, '703, '223, and '360 Patents.

57. Upon information and belief, the Macy's defendants operate automated telephone systems, including without limitation customer service systems that allow their customers to perform retail, credit card and other customer service related functions over the telephone, including without limitation the Macy's and Bloomingdale's retail and credit card customer service systems.

58. The Macy's defendants have directly and contributorily infringed, and induced others to infringe, one or more claims of each of the patents identified in paragraph 56 of this Complaint by making, using, offering to sell, and/or selling within the United States automated telephone systems, including without limitation customer service systems that allow their customers to perform retail, credit card and other customer service related functions over the

telephone, including without limitation the Macy's and Bloomingdale's retail and credit card customer service systems.

59. The Macy's Defendants continue to infringe, contributorily infringe, and induce others to infringe the '984, '252, '734 and '120 Patents.

60. The Macy's defendants' infringement of the patents identified in paragraph 56 of this Complaint has been willful.

61. Katz Technology Licensing has been, and continues to be, damaged and irreparably harmed by the Macy's defendants' infringement, which will continue unless the Macy's defendants are enjoined by this Court.

## COUNT III
## (PATENT INFRINGEMENT BY WEBSTER BANK)

62. Katz Technology Licensing realleges and incorporates by reference paragraphs 1-47 as if fully set forth herein.

63. Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '984, '309, '285, '707, '863, '156, '551, '734, '893, '120, '135, and '223 Patents.

64. Upon information and belief, Webster Bank operates automated telephone systems, including without limitation customer service systems that allow their customers to perform banking and/or obtain other services over the telephone.

65. Webster Bank has directly and contributorily infringed, and induced others to infringe, one or more claims of each of the patents identified in paragraph 63 of this Complaint by making, using, offering to sell, and/or selling within the United States automated telephone systems, including without limitation customer service systems that allow their customers to perform banking and/or obtain other services over the telephone.

66. Webster Bank continues to infringe, contributorily infringe, and induce others to

infringe the '984, '734 and '120 Patents.

67.     Webster Bank's infringement of the patents identified in paragraph 63 of this Complaint has been willful.

68.     Katz Technology Licensing has been, and continues to be, damaged and irreparably harmed by Webster Bank's infringement, which will continue unless Webster Bank is enjoined by this Court.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Katz Technology Licensing respectfully requests the following relief:

A.      A judgment holding Consolidated Edison liable for infringement of the patents identified in paragraph 49 of this Complaint;

B.      A permanent injunction against Consolidated Edison, its officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from continued acts of infringement of the '984, '734 and '120 Patents;

C.      An accounting for damages resulting from Consolidated Edison's infringement of the patents identified in paragraph 49 of this Complaint, together with pre-judgment and post-judgment interest;

D.      A judgment holding that Consolidated Edison's infringement of the patents identified in paragraph 49 of this Complaint is willful, and a trebling of damages pursuant to 35 U.S.C. § 284;

E.      A judgment holding the Macy's defendants liable for infringement of the patents identified in paragraph 56 of this Complaint;

F.   A permanent injunction against the Macy's defendants, their officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from continued acts of infringement of the '984, '252, '734 and '120 Patents;

G.   An accounting for damages resulting from the Macy's defendants' infringement of the patents identified in paragraph 56 of this Complaint, together with pre-judgment and post-judgment interest;

H.   A judgment holding that the Macy's defendants' infringement of the patents identified in paragraph 56 of this Complaint is willful, and a trebling of damages pursuant to 35 U.S.C. § 284;

I.   A judgment holding Webster Bank liable for infringement of the patents identified in paragraph 63 of this Complaint;

J.   A permanent injunction against Webster Bank, its officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from continued acts of infringement of the '984, '734 and '120 Patents;

K.   An accounting for damages resulting from Webster Bank's infringement of the patents identified in paragraph 63 of this Complaint, together with pre-judgment and post-judgment interest;

L.   A judgment holding that Webster Bank's infringement of the patents identified in paragraph 63 of this Complaint is willful, and a trebling of damages pursuant to 35 U.S.C. § 284;

M.   A judgment holding this Action an exceptional case, and an award to Plaintiff Katz Technology Licensing for its attorneys' fees and costs pursuant to 35 U.S.C. § 285; and

N.    Such other relief as the Court deems just and equitable.

Dated: June 7, 2007                    COOLEY GODWARD KRONISH LLP

By: /s/ Celia Goldwag Barenholtz
Celia Goldwag Barenholtz (CB 9126)
1114 Avenue of the Americas
New York, NY 10036-7798
Telephone:  (212) 479-6000
Facsimile:  (212) 479-6275

Of Counsel:

Stephen C. Neal
*nealsc@cooley.com*
COOLEY GODWARD KRONISH LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone:  (650) 843-5000
Facsimile:  (650) 857-0663

Frank V. Pietrantonio
*fpietrantonio@cooley.com*
Jonathan G. Graves
*jgraves@cooley.com*
COOLEY GODWARD KRONISH LLP
One Freedom Square
11951 Freedom Drive
Reston, VA 20190-5656
Telephone:  (703) 456-8000
Facsimile:  (703) 456-8100

*Attorneys for Plaintiff
Ronald A. Katz Technology Licensing, L.P.*

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Ronald A. Katz Technology Licensing, L.P. hereby demands trial by jury.

Dated: June 7, 2007

Respectfully submitted,

By: *Celia Goldwag Barenholtz*
Celia Goldwag Barenholtz (CB 9126)
COOLEY GODWARD KRONISH LLP
The Grace Building
1114 Avenue of the Americas
New York, NY 10036-7798
Telephone:  (212) 479-6000
Facsimile:  (212) 479-6275

Of Counsel:

Stephen C. Neal
*nealsc@cooley.com*
COOLEY GODWARD KRONISH LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
Telephone:  (650) 843-5000
Facsimile:  (650) 857-0663

Frank V. Pietrantonio
*fpietrantonio@cooley.com*
Jonathan G. Graves
*jgraves@cooley.com*
COOLEY GODWARD KRONISH LLP
One Freedom Square
11951 Freedom Drive
Reston, VA  20190-5656
Telephone:  (703) 456-8000
Facsimile:  (703) 456-8100

*Attorneys for Plaintiff
Ronald A. Katz Technology Licensing, L.P.*