### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------  X
RONALD A. KATZ TECHNOLOGY LICENSING,          :
L.P.,
                        Plaintiff,            :

        v.                                    :

CONSOLIDATED EDISON COMPANY OF NEW            :     Civil Action No.  07-CV-5392
YORK, INC.,                                             Judge Berman
MACY'S, INC. (F/K/A FEDERATED                 :
DEPARTMENT STORES, INC.),                     :
BLOOMINGDALES BY MAIL LTD.,                   :
BLOOMINGDALES, INC., FDS BANK,                :
FACS GROUP, INC., and                         :
WEBSTER BANK, N.A.                            :
                        Defendants.           :
                                              :
MACY'S, INC. (F/K/A FEDERATED                 :
DEPARTMENT STORES, INC.),                     :
BLOOMINGDALES BY MAIL LTD.,                   :
BLOOMINGDALES, INC., FDS BANK, and MACY'S     :
CREDIT AND CUSTOMER SERVICES, INC.
(F/K/A FACS GROUP, INC.),                     :
                 Counterclaim Plaintiffs/     :
                 Third Party Plaintiffs,      :

        v.                                    :

RONALD A. KATZ TECHNOLOGY LICENSING,          :
L.P.,
                 Counterclaim Defendant,      :
                                              :
INTERNATIONAL BUSINESS MACHINES CORP.,        :
and XEROX GLOBAL SERVICES, INC.,              :
                 Third Party Defendants.      :
------------------------------------------------------------  X
```

### MACY'S ANSWER, AFFIRMATIVE DEFENSES,
### COUNTERCLAIMS AND THIRD PARTY COMPLAINT

Macy's, Inc. (f/k/a Federated Department Stores, Inc.), Bloomingdales by Mail

Ltd., Bloomingdales, Inc., FDS Bank and Macy's Credit And Customer Services, Inc.

(f/k/a FACS Group, Inc.)(collectively "Macy's"), answer the Complaint of Ronald A. Katz

Technology Licensing, L.P. ("Katz") as follows:

### The Parties

1.      Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, and accordingly, denies them.

2.      Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph2 of the Complaint, and accordingly, denies them.

3.      Macy's admits the allegations of Paragraph 3 of the Complaint.

4.      Macy's admits that Bloomingdale's by Mail Ltd. is a New York corporation maintaining its principal place of business at 1440 Broadway, New York, NY 10018. Macy's denies the remaining allegations of Paragraph 4 of the Complaint.

5.      Macy's admits the allegations of Paragraph 5 of the Complaint.

6.      Macy's admits the allegations of Paragraph 6 of the Complaint.

7.      Macy's admits that Macy's Credit And Customer Services, Inc. (f/k/a FACS Group, Inc.) is an Ohio corporation maintaining its principal place of business at 9111 Duke Boulevard, Mason, OH 45040.  Macy's denies the remaining allegations of Paragraph 7 of the Complaint.

8.      Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint, and accordingly, denies them.

### Jurisdiction and Venue

9.      Macy's admits the allegations of Paragraph 9 of the Complaint.

10.      Macy's admits the allegations of Paragraph 10 of the Complaint.

11.      Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint, and accordingly, denies them.

12.      Macy's admits that it is subject to this Court's personal jurisdiction.  Macy's denies the remaining allegations of Paragraph 12 of the Complaint.

373657.5

13.     Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint, and accordingly, denies them.

14.     Macy's admits the allegations of Paragraph 14 of the Complaint.

## **Background Facts**

15.     Macy's admits each of the patents-in-suit list on their face Ronald A. Katz as the inventor.  Macy's lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15 of the Complaint, and accordingly, denies them.

16.     Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint, and accordingly, denies them.

17.     Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint, and accordingly, denies them.

18.     Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint, and accordingly, denies them.

19.     Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint, and accordingly, denies them.

20.     Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint, and accordingly, denies them.

21.     Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint, and accordingly, denies them.

22.     Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint, and accordingly, denies them.

373657.5

23.    Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint, and accordingly, denies them.

24.    Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint, and accordingly, denies them.

25.    Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint, and accordingly, denies them.

26.    Macy's denies the allegations of Paragraph 26 of the Complaint.

### The Patents-in-Suit

27.    Macy's admits that U.S. Patent No. 4,792,968 ("the '968 Patent") indicates on its face that it is entitled "Statistical Analysis System For Use With Public Communication Facility," and that it issued to Ronald A. Katz.  Macy's lacks sufficient knowledge or information to form a belief regarding the remaining allegations of Paragraph 27 and therefore denies the same.

28.    Macy's admits that U.S. Patent No. 4,930,150 ("the '150 Patent") indicates on its face that it is entitled "Telephonic Interface Control System," and that it issued to Ronald A. Katz.  Macy's lacks sufficient knowledge or information to form a belief regarding the remaining allegations of Paragraph 28 and therefore denies the same.

29.    Macy's admits that U.S. Patent No. 5,128,984 ("the '984 Patent") indicates on its face that it is entitled "Telephone Interface Call Processing System With Call Selectivity," and that it issued to Ronald A. Katz.  Macy's lacks sufficient knowledge or information to form a belief regarding the remaining allegations of Paragraph 29 and therefore denies the same.

30.    Macy's admits that U.S. Patent No. 5,251,252 ("the '252 Patent") indicates on its face that it is entitled "Telephone Interface Call Processing System With Call Selectivity," and that it issued to Ronald A. Katz.  Macy's lacks sufficient knowledge or information to form a belief regarding the remaining allegations of Paragraph 30 and therefore denies the same.

31.    Macy's admits that U.S. Patent No. 5,255,309 ("the '309 Patent") indicates on its face that it is entitled "Telephonic-Interface Statistical Analysis System," and that it issued to Ronald A. Katz.  Macy's lacks sufficient knowledge or information to form a belief regarding the remaining allegations of Paragraph 31 and therefore denies the same.

32.    Macy's admits that U.S. Patent No. 5,351,285 ("the '285 Patent") indicates on its face that it is entitled "Multiple Format Telephonic Interface Control System," and that it issued to Ronald A. Katz.  Macy's lacks sufficient knowledge or information to form a belief regarding the remaining allegations of Paragraph 32 and therefore denies the same.

33.    Macy's admits that U.S. Patent No. 5,561,707 ("the '707 Patent") indicates on its face that it is entitled "Telephonic-Interface Statistical Analysis System," and that it issued to Ronald A. Katz.  Macy's lacks sufficient knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 33 and therefore denies the same.

34.    Macy's admits that U.S. Patent No. 5,684,863 ("the '863 Patent") indicates on its face that it is entitled "Telephonic-Interface Statistical Analysis System," and that it issued to Ronald A. Katz.  Macy's lacks sufficient knowledge or information sufficient to

form a belief regarding the remaining allegations of Paragraph 34 and therefore denies
the same.

35.     Macy's admits that U.S. Patent No. 5,787,156 ("the '156 Patent") indicates
on its face that it is entitled "Telephonic-Interface Lottery System," and that it issued to
Ronald A. Katz.  Macy's lacks sufficient knowledge or information sufficient to form a
belief regarding the remaining allegations of Paragraph 35 and therefore denies the
same.

36.     Macy's admits that U.S. Patent No. 5,815,551 ("the '551 Patent") indicates
on its face that it is entitled "Telephonic-Interface Statistical Analysis System," and that it
issued to Ronald A. Katz.  Macy's lacks sufficient knowledge or information sufficient to
form a belief regarding the remaining allegations of Paragraph 36 and therefore denies
the same.

37.     Macy's admits that U.S. Patent No. 5,828,734 ("the '734 Patent") indicates
on its face that it is entitled "Telephone Interface Call Processing System With Call
Selectivity," and that it issued to Ronald A. Katz.  Macy's lacks sufficient knowledge or
information sufficient to form a belief regarding the remaining allegations of Paragraph
37 and therefore denies the same.

38.     Macy's admits that U.S. Patent No. 5,898,762 ("the '762 Patent") indicates
on its face that it is entitled "Telephonic-Interface Statistical Analysis System," and that it
issued to Ronald A. Katz.  Macy's lacks sufficient knowledge or information sufficient to
form a belief regarding the remaining allegations of Paragraph 38 and therefore denies
the same.

39.     Macy's admits that U.S. Patent No. 5,917,893 ("the '893 Patent") indicates on its face that it is entitled "Multiple Format Telephonic Interface Control System," and that it issued to Ronald A. Katz.  Macy's lacks sufficient knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 39 and therefore denies the same.

40.     Macy's admits that U. S. Patent No. 5,974,120 ("the '120 Patent") indicates on its face that it is entitled "Telephone Interface Call Processing System With Call Selectivity," and that it issued to Ronald A. Katz.  Macy's lacks sufficient knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 40 and therefore denies the same.

41.     Macy's admits that U.S. Patent No. 6,035,021 ("the '021 Patent") indicates on its face that it is entitled "Telephonic-Interface Statistical Analysis System," and that it issued to Ronald A. Katz.  Macy's lacks sufficient knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 41 and therefore denies the same.

42.     Macy's admits that U.S. Patent No. 6,044,135 ("the '135 Patent") indicates on its face that it is entitled "Telephone-Interface Lottery System," and that it issued to Ronald A. Katz.  Macy's lacks sufficient knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 42 and therefore denies the same.

43.     Macy's admits that U.S. Patent No. 6,148,065 ("the '065 Patent") indicates on its face that it is entitled "Telephonic-Interface Statistical Analysis System," and that it issued to Ronald A. Katz.  Macy's lacks sufficient knowledge or information sufficient to

form a belief regarding the remaining allegations of Paragraph 43 and therefore denies the same.

44.     Macy's admits that U.S. Patent No. 6,335,965 ("the '965 Patent") indicates on its face that it is entitled "Voice-Data Telephonic Interface Control System," and that it issued to Ronald A. Katz.  Macy's lacks sufficient knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 44 and therefore denies the same.

45.     Macy's admits that U.S. Patent No. 6,424,703 ("the '703 Patent") indicates on its face that it is entitled "Telephonic-Interface Lottery System," and that it issued to Ronald A. Katz.  Macy's lacks sufficient knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 45 and therefore denies the same.

46.     Macy's admits that U.S. Patent No. 6,434,223 ("the '223 Patent") indicates on its face that it is entitled "Telephone Interface Call Processing System With Call Selectivity," and that it issued to Ronald A. Katz.  Macy's lacks sufficient knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 46 and therefore denies the same.

47.     Macy's admits that U.S. Patent No. 6,678,360 ("the '360 Patent") indicates on its face that it is entitled "Telephonic-Interface Statistical Analysis System," and that it issued to Ronald A. Katz.  Macy's lacks sufficient knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 47 and therefore denies the same.

373657.5

## Count I
### (Patent Infringement by Consolidated Edison)

48.     Macy's realleges its responses to Paragraphs 1-47 in response to Paragraph 48.

49.     Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 of the Complaint, and accordingly, denies them.

50.     Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 of the Complaint, and accordingly, denies them.

51.     Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 of the Complaint, and accordingly, denies them.

52.     Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of the Complaint, and accordingly, denies them.

53.     Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the Complaint, and accordingly, denies them.

54.     Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 of the Complaint, and accordingly, denies them.

## Count II
### (Patent Infringement by the Macy's Defendants)

55.     Macy's realleges its responses to Paragraphs 1-54 in response to Paragraph 55.

56.     Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 of the Complaint, and accordingly, denies them.

57.     Macy's admits that it operates automated telephone systems.  Macy's denies that its automated telephone systems infringe any claims of the patents-in-suit and denies the remaining allegations of Paragraph 57 of the Complaint.

58.     Macy's denies the allegations of Paragraph 58 of the Complaint.

59.     Macy's denies the allegations of Paragraph 59 of the Complaint.

60.     Macy's denies the allegations of Paragraph 60 of the Complaint.

61.     Macy's denies the allegations of Paragraph 61 of the Complaint.

## Count III
### (Patent Infringement by Webster Bank)

62.     Macy's realleges its responses to Paragraphs 1-61 in response to Paragraph 62.

63.     Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 of the Complaint, and accordingly, denies them.

64.     Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 of the Complaint, and accordingly, denies them.

65.     Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 of the Complaint, and accordingly, denies them.

66.     Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 of the Complaint, and accordingly, denies them.

67.     Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 of the Complaint, and accordingly, denies them.

68.     Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 of the Complaint, and accordingly, denies them.

## AFFIRMATIVE DEFENSES

For its further and separate affirmative defenses to the Complaint, Macy's alleges as follows:

## First Affirmative Defense
### (Failure to State a Claim)

69.    The Complaint fails to state a claim upon which relief can be granted against Macy's.

## Second Affirmative Defense
### (Non-Infringement of the Patents-In-Suit)

70.    Macy's incorporates by reference Paragraphs 1 through 69 of its Answer to the Complaint.

71.    Macy's has not infringed, and does not presently infringe, either literally or under the Doctrine of Equivalents, any asserted claim of the Patents-In-Suit.

72.    Macy's has not contributed to the infringement of, and does not presently contribute to the infringement of, either literally or under the Doctrine of Equivalents, any asserted claim of the Patents-In-Suit.

73.    Macy's has not induced others to infringe, and does not presently induce others to infringe, either literally or under the Doctrine of Equivalents, any asserted claim of the Patents-In-Suit.

## Third Affirmative Defense
### (Invalidity of the Patents-In-Suit)

74.    Macy's incorporates by reference Paragraphs 1 through 73 of its Answer to the Complaint.

75.    The asserted claims of the Patents-In-Suit are invalid for failure to satisfy at least one or more of the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, and/or 103, and/or 112.

### Fourth Affirmative Defense
### (Laches and/or Estoppel)

76.    Macy's incorporates by reference Paragraphs 1 through 75 of its Answer to the Complaint.

77.    Katz' claims for relief as alleged are barred under the doctrine of laches and/or estoppel.

### Fifth Affirmative Defense
### (Prosecution History Estoppel)

78.    Macy's incorporates by reference Paragraphs 1 through 77 of its Answer to the Complaint.

79.    By reason of prior art and the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications that led to the issuance of the patents-in-suit, including (without limitation), amendments, representations, concessions and admissions made by or on behalf of the applicant, Katz is estopped form asserting that the claims of the Patents-in-Suit cover and include the products or acts of Macy's under the Doctrine of Equivalents.

### Sixth Affirmative Defense
### (Prosecution History Laches)

80.    Macy's incorporates by reference Paragraphs 1 through 79 of its Answer to the Complaint.

81.    Katz' claims for relief as alleged are barred under the doctrine of prosecution history laches.

### Seventh Affirmative Defense
### (Notice/Marking)

82.    Macy's incorporates by reference Paragraphs 1 through 81 of its Answer to the Complaint.

373657.5

83.    Katz is precluded by 35 U.S.C. § 287 from seeking damages for any alleged infringement prior to providing actual notice of the Patents-In-Suit to Macy's.

## MACY'S COUNTERCLAIMS FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY AGAINST KATZ

Defendants/Counterclaim-Plaintiffs Macy's hereby asserts the following Counterclaims against Katz:

1.    Macy's incorporates by reference paragraphs 1-83 of its Answer and Affirmative Defenses to the Complaint.

2.    These Counterclaims are asserted pursuant to Fed. R. Civ. P. 13, and also under Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.  This Court has jurisdiction over the subject matter of these Counterclaims pursuant to 28 U.S.C. § 2201 and 28 U.S.C. §§ 1331, 1338(a).

### The Parties

3.    Macy's, Inc. (f/k/a Federated Department Stores, Inc.) is a Delaware corporation maintaining its principal place of business at 7 West Seventh Street, Cincinnati, OH 45202.

4.    Bloomingdale's by Mail Ltd. is a New York corporation maintaining its principal place of business at 1440 Broadway, New York, NY 10018.

5.    Bloomingdales, Inc. is an Ohio corporation maintaining its principal place of business at 7 West Seventh Street, Cincinnati, OH 45202.

6.    FDS Bank is a federal savings bank maintaining its principal place of business at 9111 Duke Boulevard, Mason, OH 45040.

373657.5

7.    Macy's Credit And Customer Services, Inc. (f/k/a FACS Group, Inc.) is an Ohio corporation maintaining its principal place of business at 9111 Duke Boulevard, Mason, OH 45040.

8.    Macy's, Inc. (f/k/a Federated Department Stores, Inc.), Bloomingdales by Mail Ltd., Bloomingdales, Inc., FDS Bank and Macy's Credit And Customer Services, Inc. (f/k/a FACS Group, Inc.) are collectively referred to as "Macy's."

9.    On information and belief, Counterclaim-Defendant Ronald A. Katz Technology Licensing, L.P. ("Katz") is a limited partnership organized under the laws of the State of California, and having a principal place of business at 9220 Sunset Blvd. #315, Los Angeles, CA 90069.

### The Patents-In-Suit

10.    In Paragraphs 27 through 47 of the Complaint, Katz identifies twenty-one (21) patents collectively referred to as the "Patents-In-Suit."

11.    In the Complaint, Katz charges Macy's with infringement of the Patents-In-Suit.

### Jurisdiction And Venue

12.    As evidenced by the Complaint and Macy's Answer and Affirmative Defenses, an actual controversy exists between Katz and Macy's as to the validity and the alleged infringement by Macy's of the Patents-In-Suit, and Macy's seeks a declaratory judgment in its favor.

13.    This Court has personal jurisdiction over Katz because Katz has subjected itself to the jurisdiction of this Court for purposes of these Counterclaims.

373657.5

-14-

14.    Venue is proper in this judicial district under 28 U.S.C. § 13 91(b) and (c) and 28 U.S.C. §  1400(b).

## First Counterclaim
### (Declaratory Judgment of Non-Infringement of the Patents-In-Suit)

15.    Macy's has not infringed, and does not presently infringe, either literally or under the Doctrine of Equivalents, any asserted claim of the Patents-In-Suit.

16.    Macy's has not contributed to the infringement of, and does not presently contribute to the infringement of, either literally or under the Doctrine of Equivalents, any asserted claim of the Patents-In-Suit.

17.    Macy's has not induced others to infringe, and does not presently induce others to infringe, either literally or under the Doctrine of Equivalents, any asserted claim of the Patents-In-Suit.

## Second Counterclaim
### (Declaratory Judgment of Invalidity of the Patents-In-Suit)

18.    The asserted claims of the Patents-In-Suit are invalid for failing to satisfy at least one of the conditions of patentability set forth in, inter alia, 35 U.S.C. §§ 101, 102, 103, and 112.

## MACY'S THIRD PARTY COMPLAINT AGAINST IBM AND XEROX

Third Party Plaintiff Macy's hereby asserts the following Third Party Complaint against International Business Machines Corp. ("IBM") and Xerox Global Services, Inc. ("Xerox"):

## The Parties

1.     Macy's, Inc. (f/k/a Federated Department Stores, Inc.) is a Delaware corporation maintaining its principal place of business at 7 West Seventh Street, Cincinnati, OH 45202.

2.     Bloomingdales, Inc. is an Ohio corporation maintaining its principal place of business at 7 West Seventh Street, Cincinnati, OH 45202.

3.     FDS Bank is a federal savings bank maintaining its principal place of business at 9111 Duke Boulevard, Mason, OH 45040.

4.     Macy's Credit And Customer Services, Inc. (f/k/a FACS Group, Inc.) is an Ohio corporation maintaining its principal place of business at 9111 Duke Boulevard, Mason, OH 45040.

5.     Macy's, Inc. (f/k/a Federated Department Stores, Inc.), Bloomingdales by Mail Ltd., Bloomingdales, Inc., FDS Bank and Macy's Credit And Customer Services, Inc. (f/k/a FACS Group, Inc.) are collectively referred to as "Macy's."

6.     On information and belief, International Business Machines Corp. ("IBM") is a New York corporation maintaining its principal place of business at 1 New Orchard Road, Armonk, NY 10504.

7.     On information and belief, Xerox Global Services, Inc. ("Xerox") is a Pennsylvania corporation maintaining its principal place of business at 411 Eagleview Boulevard, Exton, PA 19341.

## Jurisdiction and Venue

8.     This Court has subject matter jurisdiction over these claims pursuant to Rule 14, Fed. R. Civ. P. and pursuant to the Court's supplemented jurisdiction under 28 U.S.C. § 1367.

9.     IBM and Xerox are subject to the jurisdiction of this Court pursuant to the laws of the State of New York and process properly issues from this Court pursuant to Rule 4, Fed. R. Civ. P.

10.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c).

## Background Facts

11.     On June 7, 2007, Plaintiff Katz filed a Complaint for patent infringement against Macy's and others, asserting that Macy's has infringed the Patents-In-Suit.

12.     Specifically, in Count II of the Complaint, Katz has asserted that Macy's operation of automated telephone systems centers infringes the Patents-In-Suit.

13.     The hardware and software that encompass automated telephone systems alleged to infringe the Patents-in-Suit were manufactured and developed by IBM, sold to Macy's by IBM either directly or through Xerox and were installed at Macy's customer service call centers by IBM and Xerox personnel.

14.     The software and hardware that encompass the automated telephone systems accused of infringement were developed by IBM for sale to end users directly, or through resellers, like Xerox.

15.     Specifically, in 1993, IBM submitted a proposal to Macy's, offering for sale the IBM DirectTalk/6000 automated telephone systems.  Included in the proposal was a

description of hardware, software, and integration systems for sale by IBM and purchase by Macy's.

16.    Beginning in 1994, Macy's purchased the DirectTalk/6000 automated telephone system from IBM and thereafter began using same in its customer services call centers.

17.    Macy's purchased additional IBM hardware and software for its automated telephone systems through The Future Now, which was subsequently acquired by Xerox, a reseller of IBM products.

18.    Thereafter, beginning in 1996, Macy's purchased additional software, known as IBM CallPath software for use with the IBM DirectTalk automated telephone systems.

19.    The IBM automated telephone systems were set up in Macy's call centers under the supervision of IBM and/or Xerox personnel, were used for their intended purposes, and were not changed by Macy's beyond the parameters foreseen by IBM or Xerox.

20.    In October, 2003, Katz first notified Macy's of its patent portfolio.

21.    In August 2004, Macy's first notified IBM of the patent infringement claims made by Katz relating to the IBM automated telephone systems purchased and used by Macy's.

22.    In July 2005, Macy's first notified Xerox of patent infringement claims made by Katz relating to the IBM automated telephone systems purchased from Xerox by Macy's.

## First Cause of Action
### (Breach of Warranty Under Uniform Commercial Code § 2-312 Against IBM and Xerox)

23.    Macy's repeats and realleges the allegations contained in Paragraphs 1 through 22 of its Third-Party Complaint as if fully set forth herein.

24.    Within the meaning of Uniform Commercial Code § 2-312, IBM and Xerox are merchants who regularly deal in goods of the kind sold to Macy's, specifically automated telephone systems.

25.    Macy's did not furnish specifications to IBM or Xerox, which specifications would have caused Katz' assertion of the Patents-in-Suit to arise out of compliance with such specifications, under the provisions of Uniform Commercial Code § 2-312.

26.    Under Uniform Commercial Code § 2-312, IBM and Xerox warranted that the automated telephone systems sold to Macy's would be free from any claim of patent infringement by any third party.

27.    Katz is asserting the Patents-in-Suit against Macy's automated telephone systems.  If Macy's automated telephone systems are found to infringe the Patents-In-Suit, the warranties of IBM and Xerox under Uniform Commercial Code § 2-312 will have been breached, and IBM and Xerox will be liable to Macy's for all applicable costs, damages, and attorneys' fees awarded against or incurred by Macy's.

## Second Cause of Action
### (Implied Indemnification Against IBM and Xerox)

28.    Macy's repeats and realleges the allegations contained in Paragraphs 1 through 27 of its Third-Party Complaint.

29.    As evidenced by IBM and Xerox's sale and Macy's purchase of automated telephone systems over the years, there was a contractual relationship of a special nature

between IBM and Xerox on the one hand, and Macy's, on the other hand, relating to the purchase and sale of automated telephone systems; and those parties are in privity with each other.

30.    Specifically, IBM made a proposal and solicited orders from Macy's for automated telephone systems; Macy's purchased the same from IBM and/or Xerox, and the automated telephone systems were installed at customer service call centers by IBM and Xerox employees.  The foregoing activities imply an indemnification obligation from IBM and Xerox to Macy's relating to any claim for patent infringement made with respect to such automated telephone systems.

31.    Because Katz has accused Macy's of infringing the Patents-in-Suit by operating automated telephone systems, because Macy's operates such automated telephone systems as intended by IBM and Xerox; and, because such systems were installed by IBM and Xerox , IBM and Xerox are obligated to indemnify Macy's in the present Action under the common law of indemnity and to hold Macy's harmless against any and all costs, damages, and attorneys' fees awarded against or incurred by Macy's arising out of Macy's operation of the automated telephone systems.

<u>**Third Cause of Action**</u>
**(Contractual Claim for Indemnification Against IBM)**

32.    Macy's repeats and realleges the allegations contained in Paragraphs 1 through 31 of its Third-Party Complaint.

33.    On June 18, 2001, Macy's and IBM entered into an Agreement for Acquisition of Programs and Support for DirectTalk and CallPath for AIX (the 2001 "Agreement"), relating to IBM Programs (as specified therein) for automated telephone systems.  A true and correct copy of the 2001 Agreement is attached as Exhibit 1.

34.    Paragraph 5 of the 2001 Agreement obligates IBM to "defend" Macy's against any claim for patent infringement with respect to IBM's Programs and to "pay all costs, damages and attorneys' fees" awarded against Macy's as a result of claim.

35.    In October, 2003 Katz first notified Macy's of its patent portfolio.

36.    In August 2004, Macy's notified IBM of the alleged infringement claims made by Katz relating to the automated telephone systems manufactured by IBM and used by Macy's.

37.    Katz is asserting the Patents-in-Suit against Macy's automated telephone systems.  If Macy's automated telephone systems are found to infringe the Patents-In-Suit, IBM will be liable under the 2001 Agreement to Macy's for all costs, damages, and attorneys' fees awarded against or incurred by Macy's.

## PRAYER FOR RELIEF

WHEREFORE, as to the Complaint and Macy's Counterclaim, Macy's prays for judgment as follows:

A.    A judgment against Katz and in favor of Macy's on Katz' patent infringement claims as set forth in the Complaint and that such Complaint be dismissed with prejudice;

B.    A declaration that none of the accused automated telephone systems operated by Macy's infringe any claims of any of the Patents-In-Suit;

C.    A declaration that Macy's has not induced infringement or contributed to the infringement of the Patents-In-Suit;

D.    A declaration that the Patents-In-Suit are invalid;

E.    A declaration that Katz is estopped from asserting any of the Patents-In-Suit against Macy's;

F.    A declaration that this is an exceptional case and awarding Macy's its attorneys' fees and costs of this Action pursuant to 35 U.S.C. § 285; and

G.    Such other relief as the Court deems just and proper.

WHEREFORE, as to its Third-Party Complaint, Macy's prays for judgment as follows:

A.    A declaration that IBM has an obligation to indemnify and hold harmless Macy's against any and all damages that may be awarded against Macy's in the underlying Action and Macy's costs (including attorneys' fees) arising out of Macy's operation of the accused automated telephone systems;

B.    An award of damages against IBM in the amount of any monetary relief that may be awarded against Macy's in the underlying Action based upon the operation of the accused automated telephone systems;

C.    An award of damages against IBM in the amount of Macy's costs and expenses (including attorneys' fees) incurred in defending the underlying Action;

D.    A declaration that Xerox has an obligation to indemnify and hold harmless Macy's against any and all damages that may be awarded against Macy's in the underlying Action and Macy's costs (including attorneys' fees) arising out of Macy's operation of the accused automated telephone systems;

E.    An award of damages against Xerox in the amount of any monetary relief that may be awarded against Macy's in the underlying Action based upon the operation of the accused automated telephone system;

F.    An award of damages against Xerox in the amount of Macy's costs and

expenses (including attorneys' fees) incurred in defending the underlying Action;

G.    Such other and further relief as this Court deems just and proper.

Dated:  July 30, 2007                    Respectfully Submitted,
       New York, New York

By: _____
    Daniel S. Ebenstein, Esq. (DE 2109)
    Anthony F. Lo Cicero, Esq. (AL 7538)
    Richard S. Mandaro, Esq. (RM 2602)
    Brian Comack, Esq. (BC 8439)
    AMSTER ROTHSTEIN & EBENSTEIN, LLP
    90 Park Avenue
    New York, New York 10016
    Tel:  212-336-8000
    Fax:  212-336-8001

    *Attorneys for Defendants and Counterclaim*
    *Plaintiffs/Third Party Plaintiffs*
      *Macy's, Inc. (f/k/a Federated Department*
      *Stores, Inc.), Bloomingdales By Mail Ltd.,*
      *Bloomingdales, Inc., FDS Bank and Macy's*
      *Credit And Customer Services, Inc. (f/k/a*
      *FACS Group, Inc.)*